Case number 20-1298. Ali Asmad, Nick Melding, Abdellatif, et al. Petitioners versus United States Department of Homeland Security, et al. Mr. Garrison for the petitioners, Mr. Waldman for the respondents. Good morning, counsel. Mr. Garrison, please proceed when you're ready. Good morning, your honors. May it please the court, I am Jay Garrison on behalf of Mr. Abdellatif and his family. This petition for review was filed to allow petitioners and this court an opportunity to evaluate whether the Department of Homeland Security and its components carried out the proper review of the records they have originated about Mr. Abdellatif. Through their actions in this litigation, the Department of Homeland Security and its components have shown that they did not review their own records of origination and nomination, but instead substituted Mr. Abdellatif's alleged inclusion in a third-party database as the beginning and end of the redress process. For example, DHS has repeatedly attempted to dismiss this action under EG because of Mr. Abdellatif's alleged inclusion in the TSDB, and DHS refused to provide the required certified index of record in its completion due to the alleged inclusion in that database. Only after the opening brief was filed did DHS provide a tailored index of the record, which they again tailored after the high brief was filed. DHS's production of the record after the opening brief was filed has turned the entire review process on its head in this case. The point of the petition for review is that there is a record. The petitioner reviews that record, the court gets to review that record, and the petitioner writes the opening brief based upon that record. DHS has made a mockery of that process by mangling and tailoring the record to suit their arguments. As a result, the authenticity and completeness of the record in this case is now infirm. Therefore, Mr. Abdellatif and his family request that this court follow its decision in Norris-Hirschberg v. SAC and remand this case back to DHS and its components with instructions to complete review and reevaluation of all records originated by them regarding Mr. Abdellatif and his family. The injuries to Mr. Abdellatif and his family in this case are numerous. Based upon Mr. Abdellatif's nationality, religion, and exercise of free speech, DHS has created an ecosystem of derogatory information that is spread across a multitude of data systems managed by DHS. That derogatory information is shared by DHS with private and national and international partners. Through its distribution, DHS represents this derogatory information as authentic and properly acquired. It is then used by DHS and its partners to deny and delay travel, financial, and other benefits. This interference and denial of benefits is systematic, continuous, and far-reaching in the lives of Mr. Abdellatif and his family. Counsel, if I can ask you, it seems to me that what you're requesting in this case is a review of the records in the databases, but a review of the records in the databases has already taken place. I guess my question is why do you think an additional review is going to be any different or yield any different result? In fact, I believe several reviews have taken place because each time you file one of these TRIP requests, a review happens and I think he's filed six of them. Yes, Your Honor. A review of an individual's identity and whether that identity matches the records is not the same as review of the conclusions as to whether or not that individual is a threat under the congressional- Can I ask you about that? Because my understanding of what happens is the first step of the review process is to see if there's a misidentification issue. And if there is not, if in fact the person who's asking for a review is in the database, then there's actually a substantive review as to whether that person belongs in the database. Why isn't that a reasonable way to go about this? It would be a reasonable way to go about it. However, DHS has provided absolutely no indication that they carried out any subsequent review after completing the initial check with the other databases to see whether or not- There are declarations in the record, two of them, which talk about how they do this. And you received a letter from the agency stating that we did a review and we made any changes that were appropriate. And it just seems to me that the record suggests that this is their process and it was followed in this case. If that process had been properly followed in this case, then the record that was provided to us would indicate more than cursory system updates and would actually show that further action had been taken to do that review. Just the- But if that is what the record reflects, then you would agree that what you're requesting wouldn't redress anything. As long as they have fulfilled the specific requirements that Congress set forth to both address the misidentification, as well as correct any erroneous information contained in their database, including information that was acquired under improper pretense, then yes, I would agree with that. Thank you. Can I ask you, the order, so under the statute 46110, you bring a petition to review an order, and the order that you seek review of is the order that you received in response, your client received in response to the TRIP request? Yes. And so for that, part of your substantive claims is a Fourth Amendment claim about the kind of searches that your client undergoes in airport screening. And the order that you're challenging isn't that search. So how is it that the Fourth Amendment issue with respect to a search at the airport comes to us through the vehicle of a petition for review challenging an order that's in response to a TRIP request? The search at the airport is the initial harm that's continuing to be propagated as an injury to the individual that can be potentially remedied through modification of DHS's databases. And in this instance, the mechanism to question that particular process is to follow the TRIP request when a person has been delayed. And so the result of those delays is the TRIP request, and the district courts have repeatedly found failure to follow the TRIP request, robs a person of jurisdiction to challenge the delays resulting from in their travel because of inclusion in the database. So it's a part of the chain of events that's necessary for this case to even exist. Your Honor, I see that I'm into my... But can I just follow up on that? So you have parallel district litigation going on right now in which you're challenging, as I understand it, and correct me if I'm wrong, in which you're also challenging searches. But that doesn't have anything to do with challenging an order that results from a TRIP request. You're just challenging the searches directly as either maybe you're saying that those themselves are agency action, the conduct of the searches themselves is agency action that you're challenging under the Fourth Amendment or something like that. It just seems like a bit of a... I'm wondering whether it's a mismatch to take that kind of challenge that's to the search as an agency action and then ask us to review an order that results from a TRIP request and use that as a vehicle to challenge out of the Fourth Amendment a search. They seem like two different things. Well, first, the district court case has now been dismissed, Your Honor. And that case was essentially dismissed due to the conclusion of the court that a decision from a consular officer robs the individual of all jurisdiction to challenge pretty much anything that would be in the chain of the history of the case between DHS and the Department of State. But am I wrong in understanding that in that case there was a challenge to the searches as themselves action that violated the Fourth Amendment? That had been raised and the judge decided that that could not be reached because of the decision from the Department of State, Your Honor. It just seems like the order here is the order in response to a TRIP request. It just doesn't immediately strike me as appropriate to use an order that's a response to a TRIP request to challenge an underlying search. Well, the TRIP request is the harm and is part of the standing in the case. In order to bring the, to make the TRIP request, you have to have the harm that the individual believes is occurring, which is the delays, the extended searches and everything else. And then that leads to the TRIP request, which then leads into this court, Your Honor. It could be the injury. I mean, I understand that what you are alleging is inappropriate information in the files begets injuries, but that seems like a different question than whether you can use a statute that provides for review of this kind of order as a vehicle for challenging under the Fourth Amendment a search that results from what you think is problematic information in the databases. Well, Your Honor, I believe where we differ on this is not to say that you're differing in opinion. No, no, no. I'd like to know. Yeah, please help me. Where are we different is that our position is that the TRIP request is there as stated by Congress to correct erroneous information that has resulted in the misidentification of my clients as threats here. And so our position is that the necessary steps to correct erroneous information in the TRIP request process itself. And because that is a part of its process, that gives this court proper authority to review the information that we believe to be erroneous or to have been unconstitutionally acquired. Yeah, I think as to the information, I totally understand that part of it because that does go to the purpose of a TRIP request. I guess what I'm wondering about is a constitutional challenge to the underlying search. Using the TRIP request statute that allows for review and order results from TRIP request as a means of assessing the constitutionality of the underlying search. But we can ask the government about that too, and we will give you a little bit of time for rebuttal. Let me just make sure my colleagues don't have additional questions. Thank you. I think I have a question that's related to what the Chief Judge was asking, which is if you were to get past standing, what would be your argument on the merits? Is this an APA claim that what happened was arbitrary and capricious, or is it a constitutional claim? And if it's a constitutional claim, I'm not sure how we review that because we don't have any actual findings or review that relate to that. So I'm just not sure how that works. But what is your argument on the merits? Well, at the stage of this case where it's with the process that we've been through to get to here today, I actually think that we don't need to actually get to the constitutional arguments. So therefore, it would be an APA claim for failure to comply with the statute. And we see this way for two reasons. First, DHS did not comply with the statutory requirements as their focus on Mr. Abdullatif has been his identity and the match of his identity to a third-party database, rather than analyzing their own information that was originated within Department of Homeland Security and its components and has been used to wrongfully identify Mr. Abdullatif and his family as a threat, which Congress has clearly set out that DHS and its components need to analyze the data within their regimes to assess whether a person was wrongfully identified as a threat and to correct any erroneous information. Secondly, the record at this stage of the case, unfortunately, is infirm due to DHS not providing it before the filing of the opening brief and then amending it response and amending it again after the reply brief. When the court does not have an effective record that it can depend on for the purposes of review, then it doesn't need to even reach the constitutional question here and instead can remand the case back to the agency per the decision in Norris Hirschberger. Okay. Thank you, counsel. We'll give you a little bit of time for rebuttal. We'll hear from the government now. Mr. Waldman. Good morning, Your Honors. Joshua Waldman from the Department of Justice for the Appellees. There are a number of threshold issues in this case, which I would normally start with, but I'd like to just go directly to the merits first and return to those if I may. The core issue on the merits in this case is petitioners claim that the government during the TRIP redress process only identifies or only corrects misidentifications and does not engage in a substantive review of any underlying derogatory evidence, if indeed any exists in a particular case. Here, the government has published a public document, the watch list overview, which says that they correct erroneous information if it's appropriate. The responses to petitioners' TRIP redress request said if erroneous information needed correcting, that was done. There are sworn declarations from the agencies describing the redress process in exactly the way that Judge Pan referred to earlier as engaging in that process the petitioner asked for. And of course, there's a presumption of regularity that the government is doing precisely what it says in its public documents and its sworn declarations in this case. And if there were any remaining doubt, you, of course, have the ex parte record before you. And if there are TSE records in this case, then you would be able to see what the government is doing as part of the redress process. And I understand petitioners' counsel to say that the government is, in fact, engaging in that kind of process. That is sort of the beginning and the end of this case. So I would urge you to deny the petition on that basis. That would be a merits resolution. That would be a merits resolution, yes. With respect to the Fourth Amendment claim as well, skipping first to the merits, this court's decision in EPIC, in agreement with every other court of appeals, says that searches at airports. So how do we get to that, the search at the airport? Because I'm not sure I understand how we're looking at the actual constitutionality of a search at the airport when this proceeding, it's not a Bivens action challenging a search. Right. The agency action that's being challenged is the order that ensued from the trip redress request. Right. So I would say, just as a general matter, that airport searches conducted by TSA can be reviewed in the context of a 46-110 proceeding. And that's what this court did in EPIC. But the difference between that case... I thought in EPIC, I mean, we're looking at a policy. You were looking at, well, what the government was doing in that case, TSA was doing was conducting an airport search pursuant to its standard operating procedures, which is an order under 46-110. The order here is not that standard operating procedure. It's a different order. It's one coming from the redress proceeding. But I was trying to make just sort of a general point that that's why Fourth Amendment claims can be reviewed if you challenge the right order. And I think the point that you're making is maybe that could happen, but you challenged the wrong order. And I would say, I think that you're right on that, but that is a question, I think, of statutory subject matter jurisdiction and not necessarily Article III jurisdiction. So it's something that under this court's precedence, you could just sort of assume, let's assume that we could review it jurisdictionally and then proceed to the merits. Oh, I was even wondering whether it's a merits resolution, because it just seems like there's a mismatch here in terms of what you're challenging. There is no Fourth Amendment problem with the order that's being challenged. And the order that's being challenged just isn't an appropriate vehicle for looking at the underlying search. So any Fourth Amendment claim just loses on the merits. I think that that's probably correct. I wouldn't resist winning on that ground instead of reaching the ethics question. So we're happy to win in either way. But do you think that does go to, do you think that goes to subject matter jurisdiction that theory, or do you think that goes to the, it's, I was conceiving of it as not having a cause of action to challenge the validity of the underlying search. And I think that the absence of a cause of action is a merits resolution rather than absence of subject matter. Yeah, I mean, 46.110 is a tricky statute because it doesn't separate out what's the cause of action, what's jurisdictional, what's the waiver of sovereign immunity, and the way that sort of, well, I wouldn't say the APA does that super clearly, but this court's precedent has set that out clearly in Trudeau and other cases. So if I were sort of trying to construct that from scratch, I might say that the jurisdictional provision is in subsection B, which says that something that's properly in subsection A is the exclusive jurisdiction of this court, and that's a subject matter jurisdiction provision. And then in A, where it says someone with a substantial interest may file a petition, that's a cause of action question and not necessarily a subject matter jurisdiction question. But I haven't, to be honest, I haven't fully parsed that out. I think that would be a tricky question. But either way, if it's a merits question or it's a statutory subject matter jurisdiction, either way, you could just sort of assume that regardless of the answer under APIC, the claim would fail. And I think you could just proceed directly to that either way. The only threshold question that I think is truly Article III jurisdiction is the EG question. And EG treated it as a redressability problem because the petitioner had not named TSC as a defendant, although it suggested in a footnote that had TSC been named, it would then be a question of statutory subject matter jurisdiction. But in this case, TSC was not named. So I think you have to reach that question first. But that would go only to the extent that the Fourth Amendment or Fifth Amendment or statutory claims were directed at selectee list status. Right. But there's also allegations in this case that deal with TSA's risk-based rules. Open skies and. And quiet skies and. Quiet skies, okay. I'm sorry, I'm blanking on the name of the other one. The second one. That as to those two, to the extent that there's a challenge based on those two, you don't have the same Article III issue as was presented in our prior case in EG. Right. Or statutory subject matter jurisdiction question. It clearly is a TSA order that fits under 46-110 in our view. And to the extent that that's part of the challenge, it would not be a juror. There would be no jurisdictional problem. So for that one, you just think that goes to the merits to the extent that there's that kind of challenge. But of course, the government is of the view that the claim fails on the merits. But it's not one that gets bounced on jurisdiction. That's correct, right? So you would have to reach sort of one of the other threshold issues or the merits question. Assuming that's part of the case, and I'm not 100% sure that it is. We put when we move to supplement the index of record, we asked to put in material relating to the risk-based rules because previously we did not understand that to be part of the case. And we understood that after the opening brief was filed. Petitioners are now sort of objecting to that and saying that some of those things aren't really about the case. So if risk-based rules are not really at issue, you have to ask them about that. But if they're not, then obviously that would just drop out. Got it. Can I ask you one question? I know that this is not central in the case, but I'm curious about the government's argument that there's a timeliness problem with the Fourth Amendment claim. Because the order that we've been talking about is the order that's ensued from the TRIP request. And that, the action was brought within 60 days of that. And even that order itself says, this is an order, you can bring an action within 60 days under 46110. But then the government's made the argument that there's actually an untimeliness problem here because the relevant order, I guess, to use the words of the statute, would be when the search occurred. Right. How could that be? Right. Well, it's a tricky problem. Technically, I think that the answer is the order is not search. The order is the standard operating procedure that, and that's an order. But even that, that's not what the, the relevant order here doesn't seem to be that. The relevant order here is the one that resulted from the TRIP request. Right. Well, now you have the mismatch of, to get the Fourth Amendment claim in this court under 46110, I think you would have had to challenge the standard operating procedure as the order and not the TRIP request. And had you done so, then the 60-day rule would apply to the application of that order. So I know- Against the issue we started with. Yes. Whether you can actually challenge the underlying search through the vehicle that's- Right. I do also want to emphasize that in ABA dynamics, this court held that the timeliness question under 46110 is non-jurisdictional. So again, you could sort of just bypass that. Also, the statute has a good cause exception to the 60-day rule. So for those reasons, I really don't think that you need, you would only need to address it if you got to the merits and you thought the government maybe didn't win, then you'd have to sort of reach all those threshold questions to see whether you could in fact get to that merits question. But if you just think that the government wins at the end of the day on the merits, then you don't need to address those. I'm sure my colleagues don't have any- I'm sorry. On the constitutional claims, that was never raised before the agency. There was never a discussion of the Fourth Amendment or the Fifth Amendment or anything. So why are you entertaining those arguments before us? Well, I mean, I'm just arguing in the alternative. I don't necessarily think that they are- You conceded there was jurisdiction to consider constitutional claims, but they were just never raised before the agency. So normally, we wouldn't entertain them, right? Well, I think that, I'm not sure that that's entirely correct. For example, the person doesn't know until they get to the end of the process that they're challenging the process itself as being on, like, not giving sufficient notice, for example, or not giving certain evidence. And so I think that they can raise that in this court only because they- Raise the Fourth Amendment? Well, I think that they could raise a Fourth Amendment question if they were challenging the correct order. So this is sort of the mismatch between the orders. I'm just saying in this particular case- In this particular case- We're looking at an order in which there was never any mention of the Fourth Amendment. They're by the petitioner who asked for a review or by the agency- Right. Making the review. And then he comes before us and makes Fourth Amendment arguments and claims. And you concede that we should consider them. And I'm just wondering why. Well, the only jurisdictional thing that I'm conceding is the one about the risk-based rules, which I'm not quite sure is in the case. And I don't think that they need to sort of say the words risk-based rule in their redress application. But there- So the risk-based rules equates to a Fourth Amendment violation? I think that that's the way that they're framing it. I think they say- But you're allowing them to. You're agreeing. You're not contesting it, is I guess what I'm saying. What I'm saying is to the extent that they're arguing that their enhanced security screening at an airport derives from the application of a risk-based rule, this court would have jurisdiction to entertain that claim. So we're not contesting that part. As a Fourth Amendment claim? Yeah. I mean, I can see the argument both ways. But in the redress complaint, they did say we were searched and we were subject to this type of search. And I think you could fairly say that that was intended to raise a Fourth Amendment claim. I could see why maybe you wouldn't. But I'm not sure that we want to necessarily hold people who file these claims to that type of lawyerly particulars when filing a redress claim. And I just want to make sure I understand, can you explain, if we think that because there have been extensive reviews done already and the relief requested is an extensive review, and we think therefore perhaps it's not redressable because it doesn't show that if we grant the relief requested it's going to address the injury, do we need to go any further than that? Because it seemed to me that you were saying that there are some things that we would have to address on the merits even beyond that. No, I think that saying the review has already happened answers both the statutory claim on the merits and the due process claim, as I understand it, on the merits. You might have to say something separately for the Fourth Amendment claim, which is not about that issue, but I'm not. But you're saying on the merits, and so that's not a... Yeah. If you say that the review is satisfactory because it actually goes beyond misidentification and whether information needs to be corrected, the way you conceive of it is not as a jurisdictional question about redressability. That's a resolution on the merits in the government's favor. Right. I mean, I think that would probably be because, like, imagine a hypothetical world in which the government did not engage in that process. You would be able to redress it by saying in theory the statute or the due process requires you to do it. So the fact that we've done it here doesn't mean that you couldn't conceivably have an order to redress the posited injury. It would mean that we've actually on the merits done everything that the plaintiff... I understand why... I'm thinking about this a little bit differently, so this is helpful to me because I was thinking about it in terms of there needs to be evidence of standing at this stage of the proceedings. It can't just be allegations. And we're looking at evidence that there was a review and we're looking at a request for relief to do another review. And there's no evidence that another review is going to redress the injury. And so it's a standing issue to me. The fact that there was a review and another review won't redress the injury would be a standing issue because there has to be evidence of standing where we stand here today. Right. I understand that point of view. That's not really the way that I was looking at it, but I'm happy to win that way also or alternatively. But I would say, I mean, there's a question then of how much you look beyond the pleadings when deciding a jurisdictional question, which I think that you can. Wait a minute. We're at a stage where we're looking at evidence. There has to be evidence because we have case law that says when a case comes to us in this posture, it's like a summary judgment standard, not a motion to dismiss type standard, because that's the way it's come straight to us from the agency. We have to find evidence of standing. Right. I mean, I understand that. Again, I'm not going to resist whether it's a victory on the merits or on standing. I think this type of claim is so unusual and rare that it's probably not going to have a large impact on other cases. And I'm not going to resist saying that it's a standing problem. No, I'm just trying to understand what's the right answer. I know you want to win, however we decide this, but I'm trying to decide what's the right answer. Yeah. I mean, I do think that from my point of view, I think it's a merits question, but I understand. I mean, this is one of those areas where the question of standing and the question of the merits often bleeds together. It's hard to necessarily separate them, but I came at it from the point of view of let's assume that the plaintiff was correct on the merits. Would they have standing if they were indeed correct and our evidence didn't exist? But on the other hand, I also see like, can you just sort of assume that's all correct in the face of just the government has all the evidence on the one side and there's nothing counterbalancing and maybe that's a different type of situation. So I know that answer really didn't sort of help to resolve the standing versus the merits, but I do think that it, my instinct says that it's merits, but I confess that I haven't fully thought that out before this argument. If there are other questions, I'm happy to answer them and I'm sorry to go down on the rabbit hole on so many of these tricky threshold questions. We ask you questions and you try to answer them. We appreciate that. Make sure my colleagues don't have additional questions for you at this point. Thank you. Thank you, Mr. Walden. Mr. Garrison, I'll give you two minutes for a rebuttal. Thank you, your honors. The government here shouldn't be entitled to the presumption of regularity due simply to the irregularity of how they provided the record in this case, which raises a substantial question to the regularity with regards to how they handled the case before the trip decision was ever issued. They started here with a very short five-part index of record that they wouldn't provide any of the documents to the petitioners from, and they claim that to be under oath, a complete record. Then after the opening briefing is filed, they claim again that they provided the complete record and they add a lot more documents. Then after the reply brief is filed, they claim that again, that they suddenly have a few more records to provide and that it's now a complete record. The presumption of regularity, quite frankly, has been defenestrated. It's run out the window in this case throughout the process. From there, where we go with this for us as the petitioners is that I want to just briefly just touch on that, the naivety of a petitioner and how they formulate the question when they are filing their initial trip request. That process is designed in a manner where the individual puts it forward to the best of language and is really encouraged to be done by the individual, not by a lawyer. So their naivety in formulating it and not putting forth all the evidence possible that would support a Fourth Amendment request or anything else shouldn't be held against them. In fact, where we end up in a position with is that the only opportunity to get that record to really have them have something to respond to is at the stage, in this case, preferably prior to opening brief. Unless your honors have any further questions, then thank you very much for your time today. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Rao, Pan